UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-cv-62035-KMM

*In re* TOUSA, INC., *et al.*,

    Debtors,
_____/

3V CAPITAL MASTER FUND LTD., *et al.*,

    Appellants,

v.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TOUSA, INC., *et al.*,

    Appellee.
_____/

**JOINT MOTION FOR TEMPORARY STAY**

    The First Lien Term Loan Lenders (Appellants); the Second Lien Term Loan Lenders (Appellants); the Official Committee of Unsecured Creditors of TOUSA, Inc. *et al.* (Appellee); and the Debtors (Appellee) (collectively, "Movants") respectfully move for a ninety-day stay of proceedings in this appeal, in light of prospects for an imminent settlement that would resolve many of the disputed issues before this Court. The Group One Transeastern Lenders (Appellants) and the Group Two Transeastern Lenders (Appellants) consent to a ninety-day stay but reserve the right to ask the Court to terminate the stay at some earlier juncture.

    Movants, after working with a bankruptcy-court-appointed Mediator for more than 2 1/2 years, have negotiated a term sheet setting forth the principal elements of a potential settlement that would be embedded in a chapter 11 plan of liquidation which, if confirmed by the Bankruptcy Court, would resolve all of the issues in this appeal that are in dispute between and

among Movants. The Official Committee of Unsecured Creditors of TOUSA, Inc., the Debtors, and a substantial majority of the First Lien Term Loan Lenders and Second Lien Term Loan Lenders have approved the settlement term sheet. It is anticipated that other First Lien Term Loan Lenders and Second Lien Term Loan Lenders will approve the settlement in connection with proceedings on the plan of liquidation. Moreover, the settlement of Movants' disputes in the current appeal would be in conjunction with a "Grand Bargain" that would resolve other disputes involving other issues, other parties, and other litigation.[1] The result would be not only to resolve many of the issues in this appeal (and in other adversary proceedings now pending in the bankruptcy court), but also to permit the bankruptcy court to act on a plan of liquidation for the Debtors, thereby substantially ending a massive five-year old bankruptcy proceeding and allowing myriad creditors, at long last, to receive distributable value pursuant to the terms of a confirmed chapter 11 plan of liquidation.

In light of these developments, and for the reasons explained below, Movants jointly request a stay of the proceedings in this appeal.

## Background

**1. Prior Proceedings**

This appeal arises from an adversary proceeding (the "Fraudulent Conveyance Action") filed by the Committee against the First Lien Term Loan Lenders, the Second Lien Term Loan Lenders, and the Transeastern Lenders. These three groups of lenders were involved, along with TOUSA Parent and certain of its subsidiaries (the "Conveying Subsidiaries"), in a set of

---

[1] In addition to Movants, other parties with interests in the bankruptcy proceeding and in other adversary proceedings have agreed on the settlement terms described in the term sheet (collectively, with Movants, the "Settling Parties"). These other parties include, among others, the First Lien Revolver Agent, the Revolver Sub-Agent, the Revolver Lenders, Monarch Alternative Capital LP, as investment advisor to Monarch Master Funding Ltd. ("Monarch"), the largest individual holder of First Lien Term, Second Lien Term and Revolver debt, and MatlinPatterson Global Advisors, a substantial holder of unsecured bonds. In addition, the former Directors and Officers of the Debtors, and the Directors' and Officers' insurers, who are defendants in adversary proceedings pending before the Bankruptcy Court, are also engaged in discussions with the court-appointed mediator.

2

transactions that were consummated on July 31, 2007 ("July 31 Transaction"). The Committee alleged that the Conveying Subsidiaries transferred liens and incurred obligations to the First Lien Term Loan Lenders and Second Lien Term Loan Lenders in violation of federal and state fraudulent transfer laws, and that the Transeastern Lenders were entities for whose benefit the transfers were made under 11 U.S.C. § 550(a). The Committee also alleged that TOUSA Parent's grant of liens to the First Lien Term Loan Lenders and Second Lien Term Loan Lenders on its federal income tax refund for tax year 2007 was a preferential transfer under 11 U.S.C. § 547.

After a 13-day trial, the bankruptcy court found in favor of the Committee on all of its claims. D.E. 722, 729. It adopted a remedy designed to unwind the July 31 Transaction. All of the defendants filed separate appeals with this Court. The Transeastern Lenders' appeal was assigned to Judge Gold, who set aside the bankruptcy court's judgment, holding that the July 31 Transaction was not a fraudulent transfer because the Conveying Subsidiaries had received reasonably equivalent value in exchange for incurring obligations and granting liens to the First Lien Term Loan Lenders and Second Lien Term Loan Lenders, and, in the alternative, that the Transeastern Lenders were not liable under 11 U.S.C. § 550(a) as entities "for whose benefit" the liens were granted. On further appeal, the Eleventh Circuit reversed Judge Gold's decision and remanded to this Court for further proceedings. This Court consolidated all of the appeals arising from the adversary proceeding, and the parties have filed briefs addressing the remaining issues in the case.

  2. **Mediation**

Since 2010, the Settling Parties have worked with a court-appointed mediator to seek a consensual resolution of disputed issues, including (but not limited to) the issues presented in

this appeal. As a result of those efforts, Movants have reached an agreement on the principal terms of a settlement – a "Grand Bargain" (as the mediator has described it) – that would resolve many of the issues in this complicated bankruptcy proceeding. The bankruptcy court was informed of the potential settlement in a hearing on February 25, 2013. A copy of the hearing transcript is attached as Exhibit A.

Although the rules governing the mediation do not permit disclosure of the terms of the proposed settlement at this time, Movants expect that those terms will be disclosed in the near future. In anticipation of this settlement, Movants are now preparing a Disclosure Statement, Plan of Liquidation, and other relevant documents, which they expect to submit to the bankruptcy court in April. The bankruptcy court has scheduled a further hearing on the status of the potential settlement on April 2, 2013.

The potential settlement would not resolve the Committee's claims against the Transeastern Lenders, and this appeal would continue as to the Transeastern Lenders. However, Movants are hopeful that a negotiated resolution of the many other disputes that are addressed in the settlement may facilitate efforts to reach a negotiated resolution of the remaining disputes involving the Transeastern Lenders, and the Transeastern Lenders do not oppose this request for a stay.

## **Reasons For Granting A Stay**

In light of the prospects for an imminent settlement of many of the issues before this Court, and for the reasons set forth below, Movants request a ninety-day stay of all proceedings in this appeal.

This stay will serve two important interests. First, this Court will have no need to devote its time and attention to a large number of issues that are currently before it in this appeal if the

settlement is finalized. All issues raised in this appeal by the First Lien Term Loan Lenders and Second Lien Term Loan Lenders would be resolved by the settlement. The settlement would leave only the Transeastern Lenders as defendants/appellants.

Second, further proceedings in this appeal, during this period of sensitive and ongoing settlement discussions, may impede, and possibly impair, the mediation and settlement process. The settlement terms have been reached through an arduous, 2 1/2 year process in which Movants and the mediator have worked diligently to devise a negotiated resolution that all of the Movants (as well as other parties participating in the mediation) would regard as preferable to the uncertain results of continued litigation and the concomitant costs, time and resources. Any action at this juncture on the pending appeals may cause the Settling Parties to revisit the merits of the settlement, and their expectations – including about the outcome of claims against the Transeastern Lenders – and thereby undermine the proposed settlement's careful balance of competing risks. In Movants' view, a stay of this appeal is likely to *advance* the final resolution of this litigation, by enhancing the prospects for the execution of a settlement that will dramatically *reduce* the number and complexity of the issues that must be decided in this appeal. And although Movants cannot be certain, the prospective settlement may also improve the chances of reaching a consensual resolution of the issues raised by the Transeastern Lenders as well.

The bankruptcy court has scheduled a status hearing on the proposed settlement for April 2, 2013. Movants anticipate that settlement documents will be filed in the bankruptcy court after that time. Prior to expiration of the requested stay, the parties will advise this Court on the status of the settlement and the parties' views concerning the appropriate next steps to resolve the issues (if any) that will remain for resolution in this appeal.

## CONCLUSION

For the foregoing reasons, Movants respectfully request a ninety-day stay of all proceedings in the appeal.

Dated: March 26, 2013                                       Respectfully submitted,


CHADBOURNE & PARKE LLP                            STICHTER, RIEDEL, BLAIN & PROSSER, P.A.

/s/ Thomas J. Hall                                              /s/ Harley Edward Riedel
Thomas J. Hall (*pro hac vice*)                          Harley Edward Riedel (183628)
Thomas J. McCormack                                     Richard Craig Prosser (354831)
  (*pro hac vice*)                                               Amy Denton Harris (0634506)
Seven Rivera (admitted *pro hac vice*)              110 East Madison Street, Suite 200
30 Rockefeller Plaza                                         Tampa, Florida 33602-4718
New York, New York 10112                             Telephone: (813) 229-0144
Telephone: (212) 408-5100                                Facsimile: (813) 229-1811
Facsimile: (212) 541-5369

*Attorneys for Appellants Citicorp North America, Inc. and certain First Lien Term Lenders*

*Attorneys for Appellants Citicorp North America, Inc. and certain First Lien Term Lenders*

BOIES, SCHILLER & FLEXNER LLP

/s/ Jennifer G. Altman
Stephen N. Zack
Jennifer G. Altman
100 Southeast 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
-and-
Philip Korologos (*pro hac vice*)
Eric Brenner (*pro hac vice*)
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 446-2315
Facsimile: (212) 446-2350

*Attorneys for Appellants Monarch Master Funding Ltd. and Trilogy Portfolio Company, LLC*

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

/s/ Jeffrey I. Snyder
Scott L. Baena (FL Bar No. 186445)
Jeffrey I. Snyder (FL Bar No. 021281)
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 350-7245
Facsimile: (305) 374-7593
sbaena@bilzin.com
jsnyder@bilzin.com

*Co-Counsel for Appellant Wells Fargo Bank, N.A., as Successor Administrative Agent under the Second Lien Term Loan, and the Second Lien Lenders*

BRACEWELL & GIULIANI LLP

/s/ Evan D. Flaschen
Evan D. Flaschen (*pro hac vice*)
Gregory W. Nye (*pro hac vice*)
Shannon B. Wolf (*pro hac vice*)
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103
Telephone: (860) 947-9000
Facsimile: (860) 760-6789
evan.flaschen@bgllp.com
gregory.nye@bgllp.com
shannon.wolf@bgllp.com

*Co-Counsel for Appellant Wells Fargo Bank, N.A., as Successor Administrative Agent under the Second Lien Term Loan, and the Second Lien Lenders*

ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP

/s/ Lawrence S. Robbins
Lawrence S. Robbins (*pro hac vice*)
Donald J. Russell (*pro hac vice*)
Michael L. Waldman (*pro hac vice*)
1801 K Street, NW, Suite 411-L
Washington DC 20006
Tel: 202.775.4500
Fax: 202.775.4510
lrobbins@robbinsrussell.com

* admitted *pro hac vice*

*Counsel for the Official Committee of Unsecured Creditors of TOUSA, Inc., et al.*

STEARNS WEAVER MILLER WESSLER ALHADEFF & SITTERSON, P.A.

/s/ Patricia A. Redmond
Patricia A. Redmond
David C. Pollack
150 West Flagler Street, Suite 220
Miami, FL 33130
Tel: 305.789.3553
Fax: 305.789.3395
predmond@stearnsweaver.com

*Counsel for the Official Committee of Unsecured Creditors of TOUSA, Inc., et al.*

7

| KIRKLAND & ELLIS LLP | BERGER SINGERMAN LLP |
|---|---|
| /s/Daniel T. Donovan | /s/ Paul A. Avron |
| Daniel T. Donovan (*pro hac vice*) | Paul Steven Singerman |
| Beth A. Williams (*pro hac vice*) |   (Florida Bar No. 378860) |
| Erin Johnston | Paul A. Avron (Florida Bar No. 0050814) |
| 655 Fifteenth Street, N.W. | 1450 Brickell Avenue, Suite 1900 |
| Washington, D.C. 20005 | Miami, FL 33131 |
| Telephone: (202) 879-5000 | Telephone: (305) 755-9500 |
| Facsimile: (202) 879-5200 | Facsimile: (305) 714-4340 |
| daniel.donovan@kirkland.com | pavron@bergersingerman.com |
| beth.williams@kirkland.com | |
| erin.johnston@kirkland.com | *Attorneys for Appellees TOUSA, Inc., et al.* |
| -and- | |
| 601 Lexington Avenue | |
| New York, NY 10022 | |
| Telephone: (212) 446-4800 | |
| Facsimile: (212) 446-4900 | |

*Attorneys for Appellees TOUSA, Inc., et al.*

## CERTIFICATE OF SERVICE

   I hereby certify that the foregoing JOINT MOTION FOR TEMPORARY STAY is being filed through the Court's CM-ECF website this March 26, 2013. I further certify that true and correct copies of the document are being furnished to counsel of record by Notice of Electronic Filing via the Court's CM-ECF system.

                                            /s/ Patricia A. Redmond
                                                Patricia A. Redmond