UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-cv-62035-KMM

*In re* TOUSA, INC., *et al.*,

    Debtors,
_____/

3V CAPITAL MASTER FUND LTD., *et al.*,

    Appellants,

v.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TOUSA, INC., *et al.*,

    Appellee.
_____/

## LIQUIDATION TRUSTEE'S MOTION TO REOPEN CASE AND LIFT STAY

J Beck & Associates, Inc., as Liquidation Trustee (the "Liquidation Trustee") for the TOUSA Liquidation Trust (the "Liquidation Trust"), respectfully moves to reopen this case and to lift the stay in this appeal.[1]

On March 27, 2013, the Court granted a stay of this case upon the joint motion of the First Lien Term Loan Lenders (Appellants), the Second Lien Term Loan Lenders (Appellants), the Official Committee of Unsecured Creditors of TOUSA, Inc. and its affiliated debtors and debtors in possession (the "Committee") (Appellee), and the Debtors (Appellee) (collectively, the "Settling Parties"). The Settling Parties had informed the Court of prospects for a settlement

---

[1] Concurrently with this motion, and consistent with the Liquidation Plan adopted by the Settling Parties and approved by the Bankruptcy Court, the Liquidation Trustee has filed in this Court a motion to be substituted for the Committee as the Plaintiff-Appellee in this appeal (all capitalized terms as defined above and below).

that would resolve many of the disputed issues before the Court. Those negotiations proved successful, and a settlement among the Settling Parties was subsequently embedded in a chapter 11 plan of liquidation (the "Liquidation Plan") [No. 08-10928, D.E. 9442], which the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") has confirmed and which is now effective. As set forth in the Liquidation Plan, the settlement resolves all of the issues that were in dispute in this appeal between and among the Settling Parties. In addition, some of the Transeastern Lenders (Appellants) (the "Settling Transeastern Lenders") also agreed to a settlement that resolved all issues that were in dispute in this appeal concerning the Settling Transeastern Lenders. Thus, the only remaining Appellants in this case are the Transeastern Lenders that did not participate in the settlement (the "Non-Settling Transeastern Lenders"). The Liquidation Plan provides that the Liquidation Trustee, on behalf of the Committee and other creditors, shall have exclusive authority to continue prosecuting this case against the Non-Settling Transeastern Lenders. Accordingly, because the stay has fulfilled its purpose and the appeal is ready to proceed, the Liquidation Trustee respectfully requests that the Court lift the stay.

## Background

### 1. Prior Proceedings

This appeal arises from an adversary proceeding filed by the Committee against the First Lien Term Loan Lenders, the Second Lien Term Loan Lenders, and the Transeastern Lenders. These three groups of lenders were involved, along with TOUSA, Inc. and certain of its subsidiaries (the "Conveying Subsidiaries"), in a set of transactions that were consummated on July 31, 2007 (the "July 31 Transaction"). The Committee alleged that the Conveying Subsidiaries transferred liens and incurred obligations to the First Lien Term Loan Lenders and

Second Lien Term Loan Lenders in violation of federal and state fraudulent transfer laws, and that the Transeastern Lenders were entities "for whose benefit" the transfers were made under 11 U.S.C. § 550(a).  The Committee also alleged that TOUSA Inc.'s grant of liens to the First Lien Term Loan Lenders and Second Lien Term Loan Lenders on its federal income tax refund for tax year 2007 was a preferential transfer under 11 U.S.C. § 547.

After a 13-day trial, the Bankruptcy Court found in favor of the Committee on all of its claims.  Adv. Pro. No. 08-01435, D.E. 722, 729.  It adopted a remedy designed to unwind the July 31 Transaction.  Each of the defendants filed separate appeals with this Court.  The Transeastern Lenders' appeal was assigned to Judge Gold, who set aside the Bankruptcy Court's judgment, holding that the July 31 Transaction was not a fraudulent transfer because the Conveying Subsidiaries had received reasonably equivalent value in return for incurring obligations and granting liens to the First Lien Term Loan Lenders and Second Lien Term Loan Lenders, and, in the alternative, that the Transeastern Lenders were not liable under 11 U.S.C. § 550(a) as entities "for whose benefit" the liens were granted.  On further appeal, the Eleventh Circuit reversed Judge Gold's decision and remanded to this Court for further proceedings.  This Court consolidated all of the appeals arising from the adversary proceeding (D.E. 29), and the parties filed briefs addressing what were, at that time, the remaining issues in this case.

**2.     The Stay**

On March 26, 2013, after the briefing was completed, the Settling Parties moved this Court for a temporary stay.  D.E. 51.  As explained in their motion, the Settling Parties, after having worked with a Bankruptcy-Court-appointed mediator for more than 2½ years, had negotiated a term sheet setting forth the principal elements of a potential settlement, and sought a stay in order to facilitate their settlement discussions.  On March 27, 2013, the Court issued an

3

order granting the stay, administratively closing the case, and providing that any party may move to reopen the case after a period of at least 90 days.  D.E. 53.

### 3. The Settlement And The Chapter 11 Plan Of Liquidation

The Settling Parties agreed on the terms of a settlement, which was embedded in the Liquidation Plan.  As set forth in the Liquidation Plan, the settlement resolves all of the issues that were in dispute in this appeal between and among the Settling Parties.  The settlement also resolves all of the issues that were in dispute in this appeal between and among the Settling Parties and the Settling Transeastern Lenders.  Thus, in light of the settlement, the only remaining Appellants in this case are the Non-Settling Transeastern Lenders.

The Liquidation Plan provides for the creation of the Liquidation Trust, which, through the Liquidation Trustee, shall have the exclusive authority to continue prosecuting this case against the Non-Settling Transeastern Lenders.  No. 08-10928, D.E. 9442, Art. XI.  As explained in the Liquidation Plan, the Liquidation Trustee replaces the Committee as the Plaintiff-Appellee in this case, and represents the interests of the Debtors' creditors.  *Ibid.*  The Liquidation Trustee's constituents include, among other creditors, the First Lien Term Loan Lenders and Second Lien Term Loan Lenders.  *Ibid.*

On August 6, 2013, the Bankruptcy Court confirmed the Liquidation Plan.  No. 08-10928, D.E. 9441.  On August 21, 2013, the Liquidation Plan became effective, the Liquidation Trust was created, and the Liquidation Trustee was appointed.

### Reasons For Lifting The Stay

1.      The Settling Parties requested a temporary stay to facilitate their ongoing settlement efforts.  As described above, those efforts succeeded.  The Settling Parties, along with the Settling Transeastern Lenders, agreed to a settlement that is embodied in the Liquidation Plan

4

and that resolves all of the issues that were in dispute in this appeal between and among the Settling Parties and the Settling Transeastern Lenders. Pursuant to the Liquidation Plan, which has now been confirmed and is effective, the Liquidation Trust has been created, and the Liquidation Trustee appointed, to continue prosecuting this case against the Non-Settling Transeastern Lenders, which are the sole remaining Appellants in this appeal. Accordingly, the appeal is ready to proceed, and the stay should be lifted.

2.  Following the remand from the Eleventh Circuit, the parties submitted briefs addressing a multitude of issues. However, in light of the settlement among the Settling Parties, many of the issues in the parties' briefs have been rendered moot. In particular, the settlement has rendered moot each of the grounds for reversal and assertions of error alleged by the First Lien Term Loan Lenders and Second Lien Term Loan Lenders. Accordingly, concurrent with the instant motion, the Liquidation Trustee, First Lien Term Loan Lenders, and Second Lien Term Loan Lenders are filing stipulations of dismissal with respect to the appeals of the First Lien Term Loan Lenders and Second Lien Term Loan Lenders. Consequently, this Court no longer needs to consider the briefs of the First Lien Term Loan Lenders and Second Lien Term Loan Lenders seeking to set aside the decision below. See D.E. 32, 33, 36, 40, 42, 43.

3.  The Non-Settling Transeastern Lenders remain Appellants in this case. The issues presented in the Senior Transeastern Lenders' briefs (D.E. 34, 44), and responded to by the Committee's brief (D.E. 38)[2] and the First Lien Term Loan Lenders' brief in intervention (D.E. 39), continue to be in dispute.

---

[2] Sections II.A and II.C of the Committee's brief address the arguments presented by the Non-Settling Transeastern Lenders. However, for the reasons explained above (at ¶ 4), the Liquidation Trustee believes that Section II.C, which addresses issues relating to distributions from the disgorgement account to the Conveying Subsidiaries, is moot. Sections I, II.B, and III

4. However, the Liquidation Trustee believes that the settlement has mooted one issue raised by the Non-Settling Transeastern Lenders: their challenge to the compensation the Bankruptcy Court awarded the Conveying Subsidiaries for transaction costs, litigation expenses, and diminution in value of the unlawfully transferred property. As explained in the Committee's brief (D.E. 38, at II.C), this portion of the remedy operates to reduce the amount of money received by the First Lien Term Loan Lenders and Second Lien Term Loan Lenders from the Transeastern Lenders' disgorgement, but has no effect on the amount of money the Non-Settling Transeastern Lenders must disgorge. In the settlement, the Committee, First Lien Term Loan Lenders, and Second Lien Term Loan Lenders resolved their dispute over this compensation. Accordingly, given that payment of this compensation to the Conveying Subsidiaries only serves to reduce the amount received by the First Lien Term Loan Lenders and the Second Lien Term Loan Lenders and that the Settling Parties have now resolved this issue, the Non-Settling Transeastern Lenders' challenge to this compensation is now moot. And in any event, the Non-Settling Transeastern Lenders lack standing to challenge this portion of the remedy. *Ibid.*

5. For the convenience of the Court, a chart identifying which briefs, or portions of briefs, have been rendered moot by the settlement, and which briefs, or portions of briefs, address issues that remain in dispute is attached hereto as Exhibit A.

6. Counsel for the Liquidation Trustee certifies that it has conferred in good faith with counsel for the Appellants Non-Settling Transeastern Lenders. They declined to consent to this motion.

---

of the Committee's brief address the arguments of the First Lien Term Loan Lenders and Second Lien Term Loan Lenders and are now moot.

## CONCLUSION

For the foregoing reasons, the Liquidation Trustee's motion to reopen the case and to lift the stay should be granted.

Dated: October 31, 2013                                         Respectfully submitted,

/s/   Patrice A. Redmond

| | |
|---|---|
| Lawrence S. Robbins* | Patricia A. Redmond (Fla. Bar # 303739) |
| Michael L. Waldman* | David C. Pollack (Fla. Bar # 0362972) |
| ROBBINS, RUSSELL, ENGLERT, ORSECK | STEARNS WEAVER MILLER WEISSLER |
|    UNTEREINER & SAUBER LLP |    ALHADEFF & SITTERSON, P.A. |
| 1801 K Street NW, Suite 411 | 150 West Flagler Street, Suite 220 |
| Washington, D.C. 20006 | Miami, FL 33130 |
| Telephone: (202) 775-4500 | Telephone: (305) 789-3553 |
| Facsimile: (202) 775-4510 | Facsimile: (305) 789-3395 |
| lrobbins@robbinsrussell.com | predmond@stearnsweaver.com |

*Admitted *pro hac vice*

*Attorneys for the Liquidation Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing MOTION TO REOPEN CASE AND LIFT STAY is being filed through the Court's CM-ECF website this October 31, 2013. I further certify that true and correct copies of the document are being furnished to counsel of record by Notice of Electronic Filing via the Court's CM-ECF system.

/s/  Patricia A. Redmond
Patricia A. Redmond

#3187252 v1